# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-40168
### Summary Calendar
_____

**MICHAEL THOMAS HUMPHREY,**

**Plaintiff-Appellant,**

**VERSUS**

**STACY D. LAYTON,**

**Defendant-Appellee.**

_____

### Appeal from the United States District Court
### for the Eastern District of Texas
### (6:94-CV-356)
_____

(June 1, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Proceeding *pro se* and *in forma pauperis*, Michael Thomas Humphrey, a Texas state prisoner, claimed violations of his constitutional rights in connection with a prison disciplinary proceeding. The district court dismissed, with prejudice, the complaint as frivolous, pursuant to 28 U.S.C. § 1915(d). Because Humphrey has received the relief sought, we **DISMISS** this appeal as moot.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

I.

Stacy Layton, an officer at the Coffield prison, filed a disciplinary report against Humphrey after he refused to shave. Despite his protestations of innocence, a disciplinary hearing found Humphrey guilty of the infraction; and, as a result, Humphrey's prison classification was reduced.

Claiming that constitutional violations arose from this disciplinary incident, Humphrey filed this action pursuant to 42 U.S.C. § 1983. Following a *Spears* hearing, the magistrate judge identified the following elements of Humphrey's complaint: (1) that he was denied witnesses on his behalf at the disciplinary hearing; (2) that he was actually innocent of the offense; and (3) that Officer Layton filed a false disciplinary report and lied at the hearing.[2] Finding that Humphrey's complaint lacked an arguable basis in law or fact, the magistrate judge dismissed the complaint.[3] On appeal, Humphrey's brief is virtually incomprehensible; liberally construed, however, it contends that the magistrate judge erred in dismissing the complaint.[4]

---

[2] At the *Spears* hearing, the magistrate judge amended Humphrey's complaint to include Captain Bush, who presided at Humphrey's disciplinary hearing.

[3] Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the magistrate judge.

[4] In his brief, Humphrey appears to raise for the first time a litany of other issues, including that he is subjected to unsanitary conditions and spoiled food, that the guards tamper with his mail, that the guards use excessive force, and that the guards fail to watch the inmates who are suicidal. As is well established, we will not consider issues raised for the first time on appeal.

II.

In his complaint, Humphrey sought only injunctive relief; namely, the nullification of the reduction of his prison classification.[5] Nathaniel Quarterman, the assistant warden of the Coffield prison, submitted a sworn affidavit to the district court indicating that, due to a procedural error, Humphrey's disciplinary hearing will be overturned and expunged from his permanent record.[6] Attached to the affidavit was an inter-office memorandum addressed to the director of the prison's Bureau of Classification and Records, indicating that Humphrey's disciplinary report and punishment were to be deleted. Accordingly, Humphrey has received the relief he sought; this appeal is moot.

III.

For the foregoing reasons, the appeal is

**DISMISSED**.

---

[5] Humphrey also prayed for a transfer from the Coffield unit. Needless to say, federal courts are very reluctant to interfere in any aspect of prison administration; the decision to transfer a prisoner to a different prison is best left in the hands of the prison administrator.

[6] New prison procedures required that Humphrey's disciplinary hearing should have been handled by an officer with the rank of at least major. The officer who reviewed Humphrey's case was a captain.